Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel: 626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA
PHOENIX DIVISION

| G & G Closed Circuit Events, LLC, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | |
| Yeraldi Garcia-Perez a/k/a Yeraldi Garcia and Jose L. Ramirez Carranza, individually and d/b/a Mariscos y Tacos Encanto; and Encanto De Tu Tierra, LLC, an unknown business entity d/b/a Mariscos y Tacos Encanto, | |
| Defendants. | |

///

///

///

///

///

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Arizona.

///

///

///

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Arizona, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Phoenix Division of the District of Arizona is proper because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County and/or, the United States District Court for the District of Arizona has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, Nevada 89014.

7. Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia is a managing member of Encanto De Tu Tierra, LLC, which owns and operates the commercial establishment doing business as Mariscos y Tacos Encanto operating at 2647 West Glendale Avenue, Suite 11-14, Phoenix, AZ 85051.

///

///

///

8.     Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia is also an individual specifically identified on the Maricopa County Permit to Operate No. FD-52690 as an Owner.

9.     Defendant Jose L. Ramirez Carranza is a managing member of Encanto De Tu Tierra, LLC, which owns and operates the commercial establishment doing business as Mariscos y Tacos Encanto operating at 2647 West Glendale Avenue, Suite 11-14, Phoenix, AZ 85051.

10.    Defendant Jose L. Ramirez Carranza is also one of two individuals (the other being Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia) specifically identified on the Arizona Corporations Commission Entity Details No. L18560548 for Encanto De Tu Tierra, LLC as a Member and Manager.

11.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia had the right and ability to supervise the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program.*

12.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Jose L. Ramirez Carranza had the right and ability to supervise the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia, as an individual specifically identified on the Maricopa County Permit to Operate for Mariscos y Tacos Encanto, had the obligation to supervise the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the permit was not used in violation of the law.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Jose L. Ramirez Carranza, as an individual specifically identified on the Arizona Corporation Commission Entity Details for Encanto De Tu Tierra, LLC, had the obligation to supervise the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mariscos y Tacos Encanto operated lawfully at all times.

15. Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendants Yeraldi Garcia-Perez a/k/a Yeraldi Garcia and Jose L. Ramirez Carranza, specifically directed or permitted the employees of Mariscos y Tacos Encanto to unlawfully intercept and broadcast Plaintiff's *Program* at Mariscos y Tacos Encanto, or intentionally intercepted, and/or published the *Program* at Mariscos y Tacos Encanto themselves. The actions of the employees of Mariscos y Tacos Encanto are directly imputable to Defendants

Yeraldi Garcia-Perez a/k/a Yeraldi Garcia and Jose L. Ramirez Carranza by virtue of their acknowledged responsibility for the operation of Mariscos y Tacos Encanto.

16. Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017, Defendant Yeraldi Garcia-Perez a/k/a Yeraldi Garcia, as a managing member and as an individual specifically identified on the Maricopa County Permit to Operate for Mariscos y Tacos Encanto, had an obvious and direct financial interest in the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program.*

17. Plaintiff is informed and believes, and alleges thereon that on Saturday, September 16, 2017, Defendant Jose L. Ramirez Carranza, as a managing member and as an individual specifically identified on the Arizona Corporation Commission Corporations Division Entity Details for Encanto De Tu Tierra, LLC, had an obvious and direct financial interest in the activities of Mariscos y Tacos Encanto, which included the unlawful interception of Plaintiff's *Program.*

18. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Yeraldi Garcia-Perez a/k/a Yeraldi Garcia and Jose L. Ramirez Carranza resulted in increased profits for Mariscos y Tacos Encanto.

19. Plaintiff is informed and believes, and alleges thereon that Defendant, Encanto De Tu Tierra, LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person

in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Mariscos y Tacos Encanto operating at 2647 West Glendale Avenue, Suite 11-14, Phoenix, AZ 85051.

## **COUNT I**

**(Violation of Title 47 U.S.C. Section 605)**

20. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-19, inclusive, as though set forth herein at length.

21. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program,* telecast nationwide on Saturday, September 16, 2017 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

22. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

23. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

24. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-19 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Phoenix, Arizona located at 2647 West Glendale Avenue, Suite 11-14, Phoenix, AZ 85051.

25. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

26. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC, had the distribution rights thereto).

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 605, *et seq.*

28.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

29.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c)     The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

///
///
///
///
///
///
///

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

30. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

32. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.*

33. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

34. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

     (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

     (c)    The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and

     (d)    In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;
2. For reasonable attorneys' fees as mandated by statute;
3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and
4. For such other and further relief as this Honorable Court may deem just and proper.

///
///
///
///

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: September 12, 2018         */s/ Thomas P. Riley*
                                 **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                 By:  Thomas P. Riley
                                 Attorneys for Plaintiff
                                 G & G Closed Circuit Events, LLC

///

///

///

///